# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  vs.       Plaintiff,<br><br>DANIEL NAVARRO-CHAVEZ,<br><br>       Defendant. | CASE NO. 11CR0741-LAB<br><br>**ORDER PARTIALLY GRANTING JOINT APPLICATION FOR REDUCTION OF SENTENCE**<br><br>[Doc. #56] |

The Court has reviewed the November 28, 2011 sentencing transcript in this case and finds that the defendant is eligible to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("Guidelines" or "USSG") Amendments 782 and 788.

The amended Guidelines result in a two level reduction of the defendant's original Base Offense Level, from 36 to 34. The defendant remains in Criminal History category II. His new Guidelines range is 121–151 months. The parties have recommended that the sentence be reduced to 121 months.

Section 3582(c)(2) establishes a two step inquiry to determine whether a sentence reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). The first step is to ask whether the defendant is eligible under the Guidelines rules and policy statements. *Id.* Here, the Court has found that Navarro-Chavez is eligible to have his sentence reduced.

In the second step, the Court decides whether a sentence reduction is warranted and equitable in light of all of the facts and circumstances of the defendant's offense, his background, the Guidelines, and other relevant § 3553(a) factors. *Id.* ("At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part . . .") (italics supplied). The Court has discretion to reduce an eligible defendant's sentence to the low end of the amended Guidelines range – here 121 months.  USSG § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . .").

The parties have jointly recommended a reduction in sentence to the low end of the amended Guidelines – 121 months, but it's not clear why given the history of advocacy in the case. At Navarro-Chavez's sentencing hearing, the Government maintained that he was an organizer or leader of criminal activity that involved five or more people and asked the Court to impose a four level upward adjustment to his Base Offense Level. USSG § 3(D)1.1. The Government also insisted that the starting Base Offense Level was 38, so had the Court followed the Government's recommendations the defendant's starting Base Offense Level would have been 42. Navarro-Chavez was in Criminal History Category II, so that meant his Guidelines sentencing range would be 360 – life. The prosecutor, Ms. Hobson, zealously argued for the Court to impose a 30-year sentence. Sentencing Hearing (Nov. 28, 2011), (Tr. 22-28). For his part, Navarro-Chavez disputed the role adjustment, and also argued that his starting Base Offense Level was 36.

The Court resolved both disputes in the defendant's favor, primarily because it concluded that regardless of how the disputes were resolved, it would not affect the ultimate sentence it would impose. *Id.* (Tr. 19). That is, while the Court acknowledged that the offense "involved a huge amount of marijuana," *id.* at 18, and that Navarro-Chavez was involved "up to his hips," (Tr. 31), it determined that a Base Offense Level of 36, with a

1  Criminal History score of II (151–188 months), produced a sentencing range that was
2  sufficient but not greater than necessary to satisfy the objectives of sentencing. Ultimately,
3  after listening to the parties' arguments and analyzing the § 3553(a) factors, the Court ruled
4  that a high-end Guidelines sentence of 188 months was reasonable and just.

5  In connection with the parties' Joint Motion to Reduce Sentence, the Court has once
6  again analyzed the § 3553(a) factors. The analysis confirms most, if not all, of the Court's
7  original conclusions. This offense involved a "gigantic amount of marijuana," and Navarro-
8  Chavez was involved "up to his hips." Less colloquially speaking, Navarro-Chavez occupied
9  a "significant place in this drug conspiracy," and was "the conduit" for delivery of the
10 smuggled marijuana to many others (Tr. at 31). 18 U.S.C. § 3553(a)(1). As border drug
11 offenses go, this one was quite serious not only because of the tons of marijuana involved
12 but also because of the level of criminal sophistication (*e.g.*, digging of elaborate tunnels
13 under the border fence; maintaining warehouses to hold multi-ton quantities of drugs;
14 coordinating transportation by tractor-trailer of the drugs into the interior of the U.S., etc.).
15 A stiff sentence was called for here to promote respect for the law, to provide just punishment
16 for the offense, and to generally deter others from becoming involved in similar criminal
17 activity. 18 U.S.C. § 3553(a)(2)(A)(B).

18 Navarro-Chavez's original sentence – at the high end of the then applicable
19 Guidelines range – was not disparate with other sentences imposed on similarly-situated
20 offenders. (Tr. 33). Even accounting for the reduction of sentence that some of the co-
21 participants received for cooperating under Fed.R.Crim.P. 35, maintaining Navarro-Chavez's
22 sentence at the high end of the adjusted Guidelines range is comparable to the punishment
23 that the Court imposed on the co-participants. 18 U.S.C. § 3553(a)(6).

24 In sum, while the Court has given respectful consideration to the parties' joint request
25 to reduce Navarro-Chavez's sentence to the low end of the adjusted Guidelines (121-
26 months), it sees no reason to embrace that recommendation.[1] Navarro-Chavez received the

27 ———

28 [1] The Court is baffled, in particular, by the Government's change of position. Only 3 years after zealously maintaining that a 30-year sentence was reasonable and just in view of the defendant's conduct here, the prosecutor has now acquiesced in a recommendation

benefit of the doubt as to the applicable Guidelines range when he was originally sentenced, and that had the effect of considerably lowering his sentencing exposure. In originally imposing a high-end sentence, the Court implicitly – and perhaps even explicitly (see Tr. at 31) – acknowledged that the lower Guidelines range may have been a "gift" to the defendant. Regardless, the Court's analysis of the relevant § 3553(a) factors then, and now, support the imposition of a high end sentence.

The Joint Application to Reduce Sentence is **GRANTED IN PART.** Navarro-Chavez's sentence is reduced from 188 months to 151 months.

**IT IS SO ORDERED.**

DATED: October 2, 2015

*[signature]*

**HONORABLE LARRY ALAN Burns**
United States District Judge

---

to impose a sentence only a third as long. Circumstances change and people have been known to shift their views on reflection, but in the absence of some explanation or elaboration the Government's change of heart is hard to comprehend.